

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| TRESSIE SALLIS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 05 C 1525 |
| PRIME ACCEPTANCE CORP., an Illinois corporation, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Prime Acceptance Corporation's ("PAC") motion to dismiss Count II. For the reasons stated below, we grant the partial motion to dismiss.

## BACKGROUND

Plaintiff Tressie Sallis ("Sallis") alleges that she began employment with PAC in February of 2000 as a "collector." (Compl. Par. 1). Sallis alleges that in February of 2002 her mother was diagnosed with emphysema and was hospitalized intermittently. Sallis alleges that she began taking personal days off of work "to care for her mother in the hospital" and consult with her mother's doctors. (Compl. Par.

1

8). In early August, Sallis claims that she took a day off of work to care for her mother and Sallis was issued a disciplinary memo from PAC for missing work and was placed on six months probation. Sallis claims that she then requested intermittent Family and Medical Leave to care for her mother under the Family and Medical Leave Act of 1993 ("FMLA"), which she claims was approved by PAC on August 8, 2002. Sallis contends that she received an approval letter from PAC which requested more information and Sallis claims she provided all the necessary information by August 16, 2002. According to Sallis, after her FMLA leave was approved, PAC "changed" Sallis' job, by assigning her more difficult accounts without phone numbers or other contact information. (Compl. Par. 14). Sallis further alleges that her supervisor, Peter Shelly told Sallis that he was giving Sallis' work to other employees who were not taking so much time off. Sallis allegedly complained to the United States Department of Labor about her alleged treatment after she requested FMLA leave.

On August 16, 2002, Sallis took time off and she received a final written warning from PAC telling her that if she took more time off she would be fired. Sallis claims that she received a letter from PAC informing her that she would have to provide PAC with documentation from her mother's physician every time Sallis missed work for personal reasons. Sallis claims that, despite the fact that she complied with the conditions, her employment was terminated by PAC in October of 2002. Sallis filed a complaint in the instant action which includes a claim alleging a

violation of the FMLA (Count I), and an Illinois retaliatory discharge claim (Count II). PAC has moved to dismiss the Illinois retaliatory discharge claim (Count II).

## LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir.2004)(stating that although the "plaintiffs' allegations provide[d] little detail ... [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir.1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element

3

of a "cause of action . . . ." *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir.1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter,* 286 F.3d 437, 439 (7th Cir.2002); *Kyle,* 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.,* and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins,* 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan,* 40 F.3d at 251. Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School,* 144 F.3d 448, 445-55 (7th Cir.1998); *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir.1992). The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan,* 40 F.3d at 251.

## DISCUSSION

PAC argues that the facts alleged by Sallis fail to state a claim of retaliatory discharge under Illinois state law. Under Illinois law, employees are deemed to be

at-will employees and generally may be discharged for any or no reason. *Brandon, M.D., v. Anesthesia & Pain Mgt. Assocs.*, 277 F.3d 936, 940 (7th Cir.2002)(citing *Pratt v. Caterpillar Tractor Co.*, 500 N.E.2d 1001, 1002 (1986)). The tort of retaliatory discharge is a narrow exception to that general rule. *Id.*; *Hamros v. Bethany Homes & Methodist Hosp. Of Chi.*, 894 F.Supp. 1176, 1178 (N.D. Ill. 1995); *Palmateer v. Intl. Harvester Co.*, 421 N.E.2d 876, 878 (Ill. 1981). For a retaliatory discharge claim, a plaintiff must establish that he has been: "(1) discharged; (2) in retaliation for the employee's activities; and (3) that the discharge violates a clear mandate of public policy." *Hartlein v. Illinois Power Co.*, 601 N.E.2d 720, 728 (Ill. 1992). The plaintiff fails to establish causation "if the employer has a valid basis, which is not pretextual, for discharging the employee." *Id.* The Illinois Supreme Court has explained that public policy "concerns what is right and just and what affects the citizens of the State collectively." *Palmateer*, 421 N.E.2d at 878. For an action of retaliatory discharge not to be allowed under public policy, the matter "must strike at the heart of a citizen's social rights, duties, and responsibilities. . . ." *Id.* at 878-79. The Illinois courts have recognized that the "clear mandate of public policy" standard is met only in limited instances. *See Sullivan v. Progressive Casualty Ins. Co.*, 2004 WL 1687123 at *3-4 (N.D.Ill.2004)(explaining the instances in which the Illinois courts have found a clear mandate of public policy); *Brandon*, 277 F.3d at 941 (explaining that the tort has been recognized for workers' compensation claims and whistleblower claims);

*Palmateer*, 421 N.E.2d at 880. In the instant action, Sallis argues that PAC's alleged wrongdoing violates the public policies of preserving family integrity, promoting equal employment opportunities for men and women, and preventing gender discrimination in the workplace. However, Sallis has not pointed to a clear mandate of public policy. *See Sullivan v. Progressive Casualty Ins. Co.*, 2004 WL 1687123 at *16 (N.D.Ill.2004)(stating that "[p]ublic policies based on social or economic regulation are not as likely to be considered sufficient to support claims of retaliatory discharge.").

In addition, the Illinois courts have been reluctant to allow the expansion of the scope of the tort of retaliatory discharge. *Handel v. Belvedere USA Corp.*, 2001 WL 1286842, at *3 (N.D. Ill. 2001); *Callozzo v. Office Depot, Inc.*, 1998 WL 111628, at *5 (N.D.Ill.1998); *McCown v. UOP, Inc.*, 1995 WL 519818 at *8 (N.D.Ill.1995); *Hamros*, 894 F. Supp. at 1179; *Barr v. Kelso-Burnett Co.*, 478 N.E.2d 1354, 1356 (Ill. 1985). The courts have been particularly hesitant to expand the tort when a statutory deterrent already exists to vindicate public policy. *See Brandon*, 277 F.3d at 943 (noting that the Illinois courts have indicated that "a claim may still be rejected if an adequate alternative remedy exists to vindicate the retaliatory discharge or otherwise to deter the activity that is inconsistent with public policy"); *Hamros*, 894 F. Supp. at 1179 (suggesting "a retaliatory discharge claim would not be recognized unless there was no other remedy that would vindicate the public policy allegedly contravened.").

We agree with the holding in *Handel v. Belvedere USA Corp.*, 2001 WL 1286842, at *4 (N.D. Ill. 2001) and conclude that "[t]he FMLA does not involve those matters that strike at the heart of a citizen's social rights, duties, and responsibilities." *Id.* We also agree with the holding in *Handel* that the FMLA is intended to "affect[] only the private relationship between an employee and employer." *Id.* In the instant action, we note that Sallis' claims focus on lost money and lost benefits that she experienced after her discharge, rather than on the public policies that she now raises in her answer to the instant motion. The interests focused on by Sallis affect only her private relationship with her employer rather than the social rights, duties, and responsibilities that would satisfy a public policy claim. *See Sullivan*, 2004 WL 1687123 at *4 (indicating that disputes involving wages or payments relate to private economic rights and not public policy). In addition, there is a specific statutory provision that provides a remedy for the type of retaliation that Sallis complains of in the instant action. *See* 29 U.S.C. §§ 2615, 2617(a)(1). Sallis thus already has a remedy for the alleged wrongdoing by PAC. *See Handel*, 2001 WL 1286842 at *4 (finding "the FMLA expressly prohibits retaliation and provides remedies for FMLA violations... [t]hus, there is no reason for expanding the tort to overlap with the FMLA"); *Callozzo*, 1998 WL 111628, at *5 (determining that "[s]ince the FMLA provides its own protection, a cause of action for retaliatory discharge does not have to be recognized"); *McCown*, 1995 WL 519818 at *8-9 (recognizing the Illinois Supreme Court would not recognize a retaliatory discharge

claim in part because "the FMLA itself provides a remedy for retaliation"); *Hamros*, 894 F.Supp. at 1179 (stating "that the Illinois Supreme Court would not expand the common law tort of retaliatory discharge to include claims based on the exercise of rights under the FMLA"). Therefore, we conclude that Sallis cannot bring a common-law retaliatory discharge claim when such public policy can be addressed *via* the FMLA and we grant PAC's partial motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant PAC's motion to dismiss the Illinois retaliatory discharge claim (Count II).

Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 10, 2005